MANDATE

16-413-bk(L), 16-420-bk (CON), 16-423-bk (CON)
In the Matter of Bernard L. Madoff Inv. Sec., LLC, Sagor, et al. v. Picard

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 1st day of June two thousand seventeen.

Present:     ROSEMARY S. POOLER,
             PETER W. HALL,
             SUSAN L. CARNEY,
                       *Circuit Judges*.
_____

IN THE MATTER OF: BERNARD L. MADOFF INVESTMENT SECURITIES, LLC,

             *Debtor*,

ELLIOT G. SAGOR, EDWARD A. ZRAICK, JR., NANCY ZRAICK, PATRICIA DELUCA, KAREN M. RICH, THERESA R. RYAN, LAWRENCE J. RYAN, CALLIE A. OSTENSON-MURRAY, KELLY BUNCH, ROBERTA SCHWARTZ, BRET PALMER, SLOAN G. KAMENSTEIN, AARON BLECKER, ANGELA TILETNICK, BARBARA ENGEL, BARBARA KOTLIKOFF HARMAN, BEN HELLER, BENJAMIN T. HELLER IRREVOCABLE TRUST, BETH P. FELDMAN, BRUCE N. PALMER, CAROL FISHER, CAROL KAMENSTEIN, CHALEK ASSOCIATES LLC, DAVID CHALEK, FRANCES REISS, ISABEL CHALEK, JOHN TZANNES TRUST, MITCHEL CHALEK, MORTON CHALEK, PETER TZANNES, RICHARD MARK CHALEK, ROBIN TZANNES, LAURA HALLICK, ELAINE R. SCHAFFER, FERN C. PALMER, ESTATE OF GABRIEL FRIEDMAN C/O RICHARD FRIEDMAN EXECUTOR, FERN C. PALMER

MANDATE ISSUED ON 07/13/2017

REVOCABLE TRUST, FRIEDA LOW, GLENN RECHLER,
GUNTHER UNFLAT, HERBERT BARBANEL & ALICE
BARBANEL JT WROS., JONATHAN SCHWARTZ, KEITH
SHAFFER, MARTIN R. HARNICK, MARJORIE FORREST,
KURT C. PALMER, KENNETH M. KOHL, MYRNA KOHL,
STEVEN P. NORTON, ROBERT K. LOW, RICHARD M.
FRIEDMAN, RONA MAST, ELAINE RUTH SCHAFFER,
PHILIP E. MILLER, PAMELA K. MARXEN, SAGE REALTY,
RYAN MURRAY, TRACY D. KAMENSTEIN, PALMER
FAMILY TRUST, GUNTHER K. UNFLAT, ROBIN L.
WARNER, JON WARNER, TIMOTHY SHAWN TEUFEL,
VALERIE ANNE TEUFEL, MEGAN BUNCH, MARSHA
PESHKIN, BENJAMIN RECHLER TRUST, OSCAR PALMER,
BLAKE PALMER, MISHKIN FAMILY TRUST, DANA
LEFAVOR, SANDY SANDLER, BOYER PALMER, SOPHIA
PALMER, TIMOTHY S. TEUFEL, WILLI RECHLER TRUST,
HEIDI HOLMERS, GABA PARTNERSHIP, DENIS CASTELLI,
ROBERT HALIO, STEVEN C. SCHUPAK, ADELE FOX, TOBY
LEES, ESTATE OF BOYER PALMER,

<em>Appellants</em>,

v.

16-413-bk(L)
16-420-bk(CON)
16-423-bk(CON)

IRVING H. PICARD, Trustee for the Liquidation of
Bernard L. Madoff Investment Securities LLC,

<em>Appellee</em>,

SECURITIES INVESTOR PROTECTION CORPORATION,
Statutory Intervenor Pursuant to Securities Investor Protection
Act, 15 U.S.C. § 78eee(d),

<em>Intervenor</em>.

_____

| | |
|---|---|
| Appearing for Appellants Edward A. Zraick, Jr., Nancy Zraick, Patricia DeLuca, and Karen M. Rich (collectively "Zraick Appellants"): | Peter S. Partee, Sr., Hunton & Williams LLP (Robert A. Rich, *on the brief*), New York, NY. |
| Appearing for Appellant Elliot G. Sagor: | Elliot G. Sagor, *pro se*, New York, NY. |
| Appearing for Appellants other than Sagor and Zraick Appellants: | Helen Davis Chaitman, Chaitman LLP, New York, NY. |

| Appearing for Appellee: | Amy E. Vanderwal, Baker & Hostetler LLP (David J. Sheehan, Seanna R. Brown, *on the brief*), New York, NY. |
|---|---|
| Appearing for Intervenor: | Nathanael S. Kelley, Assistant General Counsel, (Josephine Wang, General Counsel, Kevin H. Bell, Senior Associate General Counsel for Dispute Resolution, *on the brief*), Securities Investor Protection Corporation, Washington, D.C. |
| Appearing for *Amici Curiae*: | Richard A. Kirby, Laura K. Clinton, Baker & McKenzie LLP, New York, NY, Richard Levy, Jr., Pryor Cashman LLP, New York, NY, Carole Neville, Dentons US LLP, New York, NY, William P. Weintraub, Kizzy L. Jarashow, Goodwin Procter LLP, New York, NY, *amici curiae in support of Appellants*. |

Appeal from the United States District Court for the Southern District of New York (Engelmayer, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellants appeal the January 27, 2016 judgment of the United States District Court for the Southern District of New York (Engelmayer, *J.*) affirming the December 22, 2014 memorandum decision of the United States Bankruptcy Court for the Southern District of New York (Bernstein, *J.*), which in turn affirmed the use of the Inter-Account Method, which applies the Net Investment Method to all accounts, including those that received one or more inter-account transfers, by the Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC (the "Trustee"). *In re Bernard L. Madoff Inv. Sec., LLC*, 15 Civ. 1151, 15 Civ. 1195, 15 Civ. 1223, 15 Civ. 1236, 15 Civ. 1263, 2016 WL 183492, at *26 (S.D.N.Y. Jan. 14, 2016); *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 522 B.R. 41, 62 (Bankr. S.D.N.Y. 2014). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review the legal conclusions of the bankruptcy court, including its interpretation of [the Securities Investor Protection Act ("SIPA")], *de novo*." *In re Bernard L. Madoff Inv. Sec. LLC*, 654 F.3d 229, 234 (2d Cir. 2011) (hereinafter "*Net Equity Decision*").

Appellants first argue that the Inter-Account Method is inconsistent with the dictates of SIPA and with the *Net Equity Decision*. We disagree.

In the *Net Equity Decision*, this Court determined that the Net Investment Method, which takes into account only cash deposited with Bernard L. Madoff Investment Securities, LLC ("BLMIS") and cash withdrawn from BLMIS, was appropriate for calculating the "net equity" of BLMIS customers. *Id.* at 238-39. As this Court explained, because BLMIS's books and records prove that BLMIS did not engage in any securities trading and did not possess any value greater than the net value of all of its customers' cash deposits from external sources minus its

customers' cash withdrawals to external sources and subsequent transfers to external entities, "[t]he extraordinary facts of" the BLMIS Ponzi scheme made resort to cash deposits and cash withdrawals "appropriate, whereas in many instances it would not be." *Id.* at 232, 234, 238.

The reasoning of the *Net Equity Decision* requires this Court to affirm the district court's and bankruptcy court's approvals of the Inter-Account Method adopted by the Trustee here. Appellants urge this Court to treat inter-account transfers from one BLMIS account to another as if those transfers were external cash withdrawals by the transferor and external cash deposits by the transferee, regardless of whether the transferred amount reflected net positive cash deposits into the transferor account. This we cannot do for the simple reason that the inter-account transfers provided no true cash infusion to BLMIS—the fictitious profits reflected in the transferor accounts did not become cash on BLMIS's books and in BLMIS's commingled account simply because imaginary profits were denominated as "cash" when transferred from one account to another. The only relevant data points for evaluation of the "net equity" of BLMIS customers are external cash deposits and external cash withdrawals. *Id.* at 238. The paper profits reflected in an inter-account transfer are equivalent to the paper profits reflected in a BLMIS customer's last account statement—any amount greater than the invested principal was "wholly the contention of Madoff" and is properly excluded from calculation of a customer's "net equity." *Id.* at 237-238.

In addition, the Inter-Account Method adopted by the Trustee does not, as Appellants argue, treat the transferor account and transferee account as one account in violation of SIPA. The Inter-Account Method treats the two accounts as separate for purposes of determining "net equity" based on cash deposits and cash withdrawals, the only relevant data points under our *Net Equity Decision*. *Id.* at 238. The Inter-Account Method also credits the transferee account with the value of actual principal investment (but not fictitious profits thereon) that the transferor account had to transfer, because it is axiomatic that one can transfer that which one has, here the amount of actual principal investment left in the transferor account, but cannot transfer that which one does not have, here the fictitious profits reflected in the transferor's BLMIS account statement.

Appellants next argue that the Inter-Account Method violates the avoidance provisions of the Bankruptcy Code. Appellants' arguments, however, misunderstand the nature of the inter-account transfers they seek to protect.

Appellants ask this Court to treat the inter-account transfers as having consisted of actual money being moved from one BLMIS account to another BLMIS account. As this Court well knows, however, that is not how BLMIS functioned. Instead, "BLMIS deposited customer investments into a single commingled checking account and . . . [w]hen customers sought to withdraw money from their accounts, including withdrawals of the fictitious profits that BLMIS had attributed to them, BLMIS sent them cash from the commingled checking account." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 564 (2d Cir. 2016) (citation omitted). The inter-account transfer statements from BLMIS, just like the periodic profit statements from BLMIS, did not reflect real value held by BLMIS for its customers because BLMIS had no value beyond its customers' cash deposits. *See Net Equity Decision*, 654 F.3d at 232, 234, 238.

Unlike in *Picard v. Ida Fishman Revocable Tr. (In re Bernard L. Madoff Inv. Sec. LLC)*, 773 F.3d 411, 422 (2d Cir. 2014), in which this Court was faced with withdrawals of actual cash from BLMIS, the only actual cash here that could have possibly been transferred to the transferee is the net cash principal (comprised of actual principal investment minus actual cash withdrawals), if any, held by the transferor account. Thus, we are once again in the world of the *Net Equity Decision*, in which the Court explained the Trustee did not need to invoke its avoidance power because the Net Investment Method did not seek to unwind transfers. *See Net Equity Decision*, 654 F.3d at 242 n.10.

Here, as there, the Trustee is not invoking and need not invoke its avoidance powers under the Bankruptcy Code because the Trustee is not unwinding or otherwise voiding any transfers. The Inter-Account Method is purely a system for determining the "net equity" in an account. It does not change the real value of the account absent fictitious profits, but only determines the cash value that is in the account by calculating whether the transferor account had any remaining cash principal that it could transfer: if yes, then the transferee receives that principal; if not, then the transferee receives nothing because a transferor cannot transfer any more than the principal he or she had remaining. *See id.* at 238-39.

A group of appellants consisting of all Appellants except the Zraick Appellants (collectively "Ryan Appellants") also argues that the Inter-Account Method violates the federal securities laws by declining to give legal effect to BLMIS's account statements. This Court, however, has already determined that there can be no legal reliance on any of BLMIS's statements with regard to funds in any of the BLMIS accounts because doing so "would have the absurd effect of treating fictitious and arbitrarily assigned paper profits as real and would give legal effect to Madoff's machinations." *Id.* at 235. The Net Investment Method did not violate the federal securities laws by declining to give legal effect to BLMIS's false account statements, *id.* at 238-39, and neither does the Inter-Account Method.

Ryan Appellants further argue that the Inter-Account Method violates New York statutory and common law. These arguments are unavailing.

Ryan Appellants' New York statutory law arguments fail because, under the Supremacy Clause, New York law cannot trump provisions of SIPA with which it is inconsistent. U.S. Const. art. VI, cl. 2; *Butner v. United States*, 440 U.S. 48, 54 n.9 (1979) (recognizing the supremacy of federal bankruptcy law); *Exch. Nat'l Bank of Chi. v. Wyatt*, 517 F.2d 453, 459 (2d Cir. 1975) (recognizing SIPA was enacted pursuant to Congress's bankruptcy power, among other Congressional powers). Further, the official comment to the provision of the New York Uniform Commercial Code with respect to a customer's property interest in financial assets held by a securities intermediary, such as a broker or dealer, specifically explains that "[i]f the [securities intermediary] fails and its affairs are being administered in an insolvency proceeding, the applicable insolvency law [including SIPA] governs how the various parties having claims against the firm are treated." N.Y. U.C.C. § 8-503 cmt. 1. Under the *Net Equity Decision*, this Court held that the proper measure of a BLMIS customer's assets under SIPA is not determined by reference to BLMIS's falsified account statements but instead by reference to a customer's cash deposits and cash withdrawals. 654 F.3d at 238. To the extent that New York law could

possibly be read to suggest a different measure of assets of a BLMIS customer, it conflicts with this Court's interpretation of SIPA and is thus suspended. *Butner*, 440 U.S. at 54 n.9. Further, it is not clear to this Court that the New York Uniform Commercial Code would provide for the relief Ryan Appellants seek given the more specific provision dealing with insolvent debtors and SIPA, but we need not reach that issue.

Ryan Appellants' argument that the Inter-Account Method violates the New York common law principle of finality fails for the same reason that Appellants' argument that the Inter-Account Method violates due process and the avoidance provisions of the Bankruptcy Code fails. The Inter-Account Method does not unwind or otherwise void any transfers; it only determines the value of the transfer based on the principal available in the transferor's account as a function of cash deposits and withdrawals while ignoring the value of fictitious profits. *See Net Equity Decision*, 654 F.3d at 238-39.

Lastly, Appellant Sagor, proceeding *pro se*, appeals to equity in arguing that he should receive credit for the principal he deposited into his law firm's account. Sagor, however, concedes that he is not a customer of BLMIS with respect to his law firm's account. It is well-settled that non-customers "are not entitled to the protection of SIPA." *Id.* at 236. Further, it is not evident to this Court that Sagor's proposed method of calculating net equity would be more equitable than the Inter-Account Method. Sagor has thus failed to demonstrate that the Inter-Account Method is "clearly inferior" to his proposed alternative. *Id.* at 238 n.7.

We recognize that our decision today provides no remedy to Appellants, who have undoubtedly suffered along with too many others as a result of Madoff's Ponzi scheme. We continue to refuse, however, to "treat[] fictitious and arbitrarily assigned paper profits as real" and to give "legal effect to Madoff's machinations." *Id.* at 235. This "court of equity will not lend its power to assist or protect a fraud." *Ivy Asset Mgmt.*, 843 F.3d at 568 (internal quotation marks omitted).

We have considered the remainder of Appellants' arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

6